**In the United States District Court
District of South Carolina
Spartanburg Division**

| | |
|---|---|
| Cordarius O. Gray,<br><br>          Plaintiff,<br>   v.<br><br>BMW Manufacturing Co., LLC, and<br><br>Management Analysis & Utilization, Inc. d/b/a MAU Workforce Solutions, Inc., and Tier One Solutions,<br><br>          Defendants. | Complaint<br><br>(Jury Trial Demanded) |

Plaintiff, through his attorney would respectfully show unto this Court as follows:

1. Plaintiff is a resident of Spartanburg County, South Carolina.

2. Defendant BMW Manufacturing Co., LLC ("BMW") is a Delaware limited liability company with a principal place of business in Spartanburg County, South Carolina.

3. Defendant Management Analysis & Utilization, Inc. is a Georgia corporation with operations throughout South Carolina, including at the Spartanburg County facility of BMW. Defendant Management Analysis & Utilization, Inc. holds itself out through various trade names and corporate identities including, but not limited to, MAU Workforce Solutions and Tier One Solutions. All such entities and trade names are referred to collectively herein as "MAU."

4. BMW has established a contractual relationship with MAU, which provides BMW

1

with various services, including personnel, for the joint and common purpose of carrying out BMW's business at its Spartanburg County facility.

5. MAU and BMW are joint employers, as MAU acts directly in the interest of BMW and both companies have the right to control and direct employees in the performance of their work.

6. MAU is an employment agency responsible for paying Plaintiff's wages, benefits and taxes, has responsibility for handling Plaintiff's complaints about his employment status, and has the power to assign and fire Plaintiff.

7. BMW retained joint control over all aspects of Plaintiff's employment, including but not limited to, supervision of work, job assignments, discipline, and termination of employment. By way of example:

   a. At the BMW facility, Plaintiff worked along with BMW employees;

   b. Plaintiff did not work for any MAU clients other than BMW;

   c. Plaintiff was required to gain BMW's approval for time off from work;

   d. Plaintiff received direction as to his day-to-day duties and supervision from BMW supervisors;

   e. BMW controlled the manner and means by which Plaintiff performed his functions and duties;

   f. Plaintiff's direct supervisor, a BMW employee, assigned Plaintiff his work;

   g. BMW maintained and exercised the right to approve employees, control the number of employees, and have an employee removed;

   h. BMW inspected and approved the work done by Plaintiff;

   i. Plaintiff worked on BMW premises and worked with BMW equipment;

j.   BMW maintained the power to exclude Plaintiff from its site and to direct that discipline be taken against him;

k.   BMW retained and exercised the power to effectively terminate Plaintiff's employment; and

l.   BMW exercised substantial control over significant aspects of the compensation, terms, conditions, or privileges of plaintiff's employment, including but not limited to, assignments, training, and opportunities for advancement.

8.  Both BMW and MAU exercise control over the administration of the drug testing program for employees, including the drug testing procedure at issue in this case.

9.  Plaintiff, at all times relevant to this action, was employed by Defendants in Spartanburg County as a forklift driver.

10. In or about January 2013, Plaintiff was involved in a forklift accident on the job. Although neither Plaintiff nor anyone else was not injured, Plaintiff was instructed to undergo a post-accident drug test.

11. Drug testing of Defendants' employees is conducted pursuant to an agreement between Defendants and Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System a/k/a Spartanburg Regional Hospital System ("Spartanburg Regional"). Spartanburg Regional acts as the agent of Defendants in conducting such drug testing.

12. Plaintiff cooperated fully with the test collection procedures and submitted hair and urine samples for collection.

13. Plaintiff informed the testers in writing that he was taking Adderall, at a dose of 20 milligrams, as a treatment for his Attention Deficit Disorder (ADD).

14. After the drug testing was completed, Plaintiff continued working, including during the first full week of February, 2013.

15. However, on or about February 15, 2013, Plaintiff's employment was terminated on the grounds that he had tested positive for amphetamines.

16. On information and belief, the decision to terminate Plaintiff's employment was made despite Defendants' actual knowledge that he was taking Adderall pursuant to a lawful prescription and that his positive test for amphetamines was due to the Adderall in his system.

17. At the time he was notified of the positive test result, Plaintiff again informed Defendants that he was taking Adderall and volunteered to produce a copy of his prescription. Defendants refused to consider this information and terminated his employment.

18. Defendants' actions were intentional, willful and in reckless disregard for the rights of Plaintiff.

19. Prior to commencing this action against Defendants, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against each Defendant. Plaintiff has commenced his claims against both Defendants within Ninety (90) days of his receipt of Notices of Right to Sue.

### Count I
### For a First Cause of Action
### Americans with Disabilities Act Discrimination

20. Plaintiff incorporates by reference the foregoing allegations as if set forth here in

full.

21. Plaintiff was diagnosed with ADD, which condition is a disability pursuant to the ADA.

22. Plaintiff could perform the essential functions of his job with or without a reasonable accommodation.

23. Defendants nonetheless terminated Plaintiff for reasons that are false and pretexual.

24. Defendants discriminated against Plaintiff on the basis of his disability, a record of impairment and/or their perception of his impairment.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim of discrimination in violation of the Americans With Disabilities Act and that he be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, injunctive relief, actual, compensatory, and punitive damages, attorney fees, expenses, costs, and pre- and post-judgment interest, and all other and further relief as to this Court appears necessary and proper including, but not limited to, equitable relief to compensate Plaintiff.

### Count II
### For a Second Cause of Action
### Americans with Disabilities Act Failure to Accommodate

25. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

26. Plaintiff was a qualified individual with a disability.

27. Plaintiff sought a reasonable accommodation by identifying his need to take

medication for his ADD.

28. To the extent any reasonable accommodation was necessary, or perceived to be necessary by Defendants, they failed to provide or even consider one. Specifically, Defendants:

   a. Refused to acknowledge that any positive drug test result was caused by Plaintiff's lawful use of prescribed medication, and to excuse such result on that basis;

   b. Terminated Plaintiff's employment for lawfully using a prescription medication in the correct amount; and

   c. Refused Plaintiff's request for permission to produce the prescription documenting his lawful right to take medication.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim failure to accommodate in violation of the Americans With Disabilities Act and that he be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, injunctive relief, actual, compensatory, and punitive damages, attorney fees, expenses, costs, and pre- and post-judgment interest, and all other and further relief as to this Court appears necessary and proper including, but not limited to, equitable relief to compensate Plaintiff.

## Count III
## For a Third Cause of Action
## Americans with Disabilities Act Retaliation

29. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

30. Plaintiff engaged in protected activity under the ADA by seeking an accommodation for his ADD.

31. Defendants retaliated against Plaintiff as a result of his request for an accommodation by terminating his employment.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim of retaliation in violation of the Americans With Disabilities Act and that he be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, injunctive relief, actual, compensatory, and punitive damages, attorney fees, expenses, costs, and pre- and post-judgment interest, and all other and further relief as to this Court appears necessary and proper including, but not limited to, equitable relief to compensate Plaintiff.

Respectfully submitted this 6th day of October, 2015.

s/ Jeffrey P. Dunlaevy
Brian P. Murphy, Bar No. 6405
Jeffrey P. Dunlaevy, Bar No. 7575
Attorneys for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400
Fax:   (864) 240-9292